**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERRY CORYELL, | ) |
| Plaintiff, | ) Case No.: 2:18-cv-00593-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, DEPT. OF THE NAVY, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 28), filed by Defendant CMI Terex Corporation ("CMI"). Plaintiff Terry Coryell ("Plaintiff") filed a Response, (ECF No. 34), and CMI filed a Reply, (ECF No. 35). Also pending before the Court are the Motions to Dismiss or Alternatively Change Venue, (ECF Nos. 23, 24), filed by Defendant United States of America ("United States"). Plaintiff filed a Response, (ECF No. 27), and United States filed a Reply, (ECF No. 30). For the reasons stated herein, the Court **GRANTS** CMI's Motion and **DENIES** United States' Motions.

**I.    BACKGROUND**

This action arises out of a personal injury incident that occurred on November 19, 2015, at the Fallon Naval Air Station in Fallon, Nevada. (Compl. ¶ 1, ECF No. 1). According to Plaintiff, he was operating a 460 Rexworks Maxi Grinder when an eight-foot-long wood 2x4 "shot out the grinder, broke through the safety shield and struck Plaintiff in his throat." (*Id.* ¶ 14). Plaintiff alleges that the equipment was owned and maintained by United States at the time of the injury. (*Id.* ¶ 15). Plaintiff further alleges that the equipment was designed, manufactured, distributed, and sold by CMI. (*Id.* ¶ 16).

Based on these allegations, Plaintiff filed a Complaint on April 2, 2018, asserting claims of: (1) negligence against United States pursuant to the Federal Tort Claims Act ("FTCA"); (2) strict products liability against CMI; (3) breach of express warranty against CMI; (4) breach of implied warranty of merchantability against CMI; and (5) breach of implied warranty of fitness for a particular purpose against CMI. (*See id.* ¶¶ 17–44).

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

### 1. CMI's Motion to Dismiss

CMI argues that Plaintiff's claims against it are barred by the two-year statute of limitations for personal injury actions and therefore should be dismissed. (CMI MTD 1:24–25,

ECF No. 28). Under Nevada law, a two-year statute of limitations applies to actions "to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another." Nev. Rev. Stat. § 11.190(4)(e). CMI reasons that because Plaintiff's alleged injury occurred on November 19, 2015, and Plaintiff initiated the instant lawsuit on April 2, 2018, Plaintiff's claims are untimely by roughly four months. (*See* CMI MTD 4:9–5:20).

Plaintiff does not dispute that a two-year statute of limitations applies to his breach of warranty claims nor does the Court find any basis to conclude otherwise. *See Blotzke v. Christmas Tree, Inc.,* 499 P.2d 647, 647 (Nev. 1972) (stating that personal injury actions are subject to the two-year statute of limitations, regardless of whether a plaintiff labels his claim as one sounding in contract or tort); *see also* Local Rule 7-2(d) (regarding a party's failure to file points and authority in opposition).[1] Plaintiff does, however, dispute CMI's assertion that his strict products liability claim is subject to the two-year limitations period. Rather, Plaintiff argues that the applicable limitations period for products liability is determined by Nevada's "catch-all statute," which provides a four-year statute of limitations. (*See* Pl.'s Resp. 3:16–22, ECF No. 34); *see also* Nev. Rev. Stat. § 11.220. At the core of Plaintiff's reasoning is that "wrongful act" or "neglect" are not elements of a products liability claim, and therefore his claim cannot not fall under N.R.S. § 11.190(4)(e). (*See* Pl.'s Resp. 2:18–23).

In deciding this issue, Plaintiff argues that the Court should follow *Crabb v. Harmon Enters., Inc.*, 2014 WL 549834 (Nev. Feb. 10, 2014), an unpublished 2014 opinion by the Nevada Supreme Court. (*See* Pl.'s Resp. 5:9–23). In *Crabb*, the plaintiff argued that her claims for breach of implied warranty and products liability were subject to a four-year statute of limitations, rather than the two-year limitations period for personal injuries. The Nevada Supreme Court held that: (1) the plaintiff's products liability claim was effectively a negligence

---

[1] In the Complaint, Plaintiff asserts that his claims against CMI were tolled by an administrative proceeding filed with United States. Plaintiff does not raise this argument in his opposition to CMI's Motion to Dismiss. Accordingly, the Court finds that Plaintiff has abandoned this argument. *See* Local Rule 7-2(d).

claim; (2) the "gravamen" of Plaintiff's contract claims sounded in tort and therefore fell under the two-year statute of limitations. *Crabb*, 2014 WL 549834, *2. By drawing a distinction between products liability and negligence claims, Plaintiff argues that the Nevada Supreme Court acknowledged that the two types of claims are subject to a different limitations period. The Court disagrees.

First, *Crabb* is factually distinguishable because the court explicitly found that the plaintiff had not plead a products liability claim. Thus, while the court did mention a four-year limitations period for products liability actions, the legal holding concerned the statute of limitations for the negligence and contract claims. Second, the court seemingly only mentioned the four-year statute of limitations as a recitation of the plaintiff's own argument. Specifically, the court stated "[the plaintiff] also argues that because her negligence claim was for food poisoning, it was actually a products liability claim for which there is a four-year statute of limitations." *Crabb*, 2014 WL 549834, at *1. From this statement, it is unclear whether the court is interjecting its own conclusion that products liability carries a four-year limitations period or merely laying out the premise of the plaintiff's argument. This ambiguity is further highlighted by the prior Nevada Supreme Court decision *Bender v. Clark Equip. Co.*, 897 P.2d 208 (Nev. 1995), in which the court applied a two-year statute of limitations to a products liability case, rather than the four-year period referenced in *Crabb*. In both cases, the court did not directly rule on the applicable limitations period or provide any reasoned analysis as to which statute of limitations applies.[2] [3]

In contrast, courts in the District of Nevada have closely analyzed this issue and found that the two-year statute of limitations applies to all personal injury actions, including strict

---

[2] As a published opinion, the Court notes that *Bender* holds more persuasive value than *Crabb*.
[3] Because the Nevada Supreme Court has not squarely addressed this issue, the Court must predict how the Nevada Supreme Court would decide "using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Arizona Elec. Power Co-op. v. Berkely,* 59 F.3d 988, 991 (9th Cir.1995).

liability actions. *See Campos v. New Direction Equipment Co., Inc.*, No. 2:08–CV–00286–LRH–RJJ, 2009 WL 114193 (D. Nev. Jan 16, 2009); *Azefor v. DePuy Orthopedics, Inc.*, No. 2:15–CV–00192–MMD–GWF, 2016 U.S. Dist. LEXIS 27863 (D. Nev. March 3, 2016). In *Campos*, the court reasoned that although a strict liability action does not require the "scienter" element common in many personal liability actions, it remains an action sounding in "tort" and, "by definition and its very nature, is a wrongful action." *Campos*, 2009 WL 114193, at *2. In *Azefor*, the Court found that the statute of limitations should be guided by the "real purpose of the complaint . . . and not what the pleader says it is." *Azefor*, 2016 U.S. Dist. LEXIS 27863 (quoting *Hartford Ins. Group v. Statewide Appliances, Inc.*, 484 P.2d 569, 571 (Nev. 1971)). Under this rationale, the court found that the gist of the plaintiff's products liability claim involved physical injury, and therefore the two-year personal injury statute of limitations unambiguously applied. *Id.*

These conclusions are consistent with California's application of products liability to its nearly identical statute of limitations for personal injury actions. *Commercial Standard Ins. Co. v. Tab Constr., Inc.,* 583 P.2d 449, 451 (Nev. 1978); *Hiekel v. 268 Ltd.*, 887 F.2d 1089, n.3 (9th Cir. 1989) (stating that Nevada courts look to California law where Nevada law is silent). In California, a two-year statute of limitations applies to "actions for assault, battery, or injury to, or for death of, individual caused by *wrongful act or neglect*." Cal. C.C.P. § 335.1 (emphasis added). Under this statute, California courts routinely hold that strict products liability claims involving personal injury are subject to a two-year limitations period. *See, e.g., Steidinger v. Stryker Corp.*, No. 8:11–CV–01842 R(SSX), 2012 WL 13020148, at *2 (C.D. Cal. Apr. 19, 2012); *James v. Baxter Healthcare Corp.*, No. CV 11–2297 ABC (CWX), 2011 WL 13220308, at *2 (C.D. Cal. June 15, 2011); *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 530 (9th Cir. 1985) (citing *Pereira v. Dow Chem. Co.*, 181 Cal. Rptr. 364, 368 (Ct. App. 1982)).

Here, Plaintiff's case is based on the physical injuries he sustained from the allegedly faulty equipment. (*See* Compl. ¶¶ 13–16). By raising a products liability claim, Plaintiff implicitly asserts that CMI engaged in some form of wrongful act consistent with tort liability. *See Campos*, 2009 WL 114193, at *2. This conclusion is further supported by Plaintiff's own allegations that CMI "acted with conscious disregard, fraudulently, with express and implied malice and/or oppressively towards Plaintiff . . .." (Compl. ¶ 21). Plaintiff's claim therefore squarely falls under NRS § 11.190(4)(e), which carries a two-year statute of limitations. As Plaintiff brought this action against CMI more than two years after the incident, the Court grants CMI's Motion to Dismiss.

### 2. United States' Motion to Dismiss or Alternatively Transfer Venue

United States argues that this case should be dismissed or alternatively transferred based on improper venue under 28 U.S.C. 1406(a). (United States' MTD 5:22–6:2, ECF No. 23). Section 1406(a) provides that a district court shall dismiss an action filed in "the wrong division or district" or transfer the case to the correct venue if "in the interest of justice." 28 U.S.C. § 1406(a). According to United States, Section 1406 applies because Plaintiff filed this action in the wrong unofficial division under the District of Nevada's local rules. (*See* United States' MTD 6:24–7:4).

In Response, Plaintiff does not contest that he filed this action in the wrong unofficial division under the local rules. Rather, Plaintiff argues that 28 U.S.C. 1406(a) does not apply because: (1) the District of Nevada only has one division as contemplated by 1406(a); and (2) the local rules do not provide for dismissal under these circumstances. (*See* Pl.'s MTD Resp. 4:8–13, ECF No. 27). According to Plaintiff, the applicable statute to the instant Motion is 1404(a), which allows for transfer of venue "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Under this statute, Plaintiff asserts that

United States has failed to meet its burden in requesting transfer. (Pl.'s MTD Resp. 5:14–20). The Court agrees.

The matter of intra-district or divisional venue has been left to the local rules of the district courts. *VT Const., Inc. v. H2J Envtl., LLC*, No. 2:13–CV–00907–GMN–GWF, 2014 WL 939291, at *2 (D. Nev. Mar. 10, 2014). Under the local rules, Nevada constitutes one federal judicial district, which is unofficially divided into the Northern Division and Southern Division. *See* Local Rule IA 6–1. In filing a civil action, a plaintiff must generally file "in the Clerk's office for the division of the Court in which the action allegedly arose." Local Rule IA 8–1(a).

The function of Local Rule IA 8–1 is not to bifurcate the District of Nevada's statutory authority over venue but rather to promote efficiency. It therefore follows that Local Rule IA 8–1(c) affords the Court discretion to "direct that proceedings or trial take place in the division other than the division where filed." In analyzing motions to transfer under Local Rule IA 8–1, judges in this District have routinely applied Section 1404(a) factors. *See, e.g., Grimaldi v. Nevada*, No. 3:10–CV–00185–LRH–RAM, 2010 WL 5141757, at *1 (D. Nev. Dec. 20, 2010); *Karlowitsch v. Evergreen Recreational Vehicles LLC*, No. 2:14–CV–02159–MMD–VCF, 2016 WL 4744133, at *3 (D. Nev. Sept. 12, 2016); *Nevada v. Bank of Am. Corp.*, No. 3:11–CV–00135–RCJ, 2011 WL 5190935, at *1 (D. Nev. Oct. 27, 2011); *Jones v. Neven*, No. 2:07–CV–1088–JCM–GWF, 2018 WL 493006, at *1 (D. Nev. Jan. 19, 2018). Under Section 1404(a), district courts consider factors such as: (1) the respective parties' contacts with the forum; (2) the contacts relating to the plaintiff's cause of action in the chosen forum; (3) the differences in the costs of litigation in the two forums; (4) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and, (5) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000). The burden is on the

defendant to make the strong showing that a change of venue is warranted. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).

Here, United States fails to establish that transfer of venue would be convenient for the parties and witnesses or in the interest of justice. Rather, United States merely asserts that "no venue-based analysis [] would yield the southern division of this Court as the proper venue for this personal injury action," and "[t]he only apparent connection this case has to the southern division of the Court is the Las Vegas office address of plaintiff's counsel . . .." (United States' MTD 6:3–21). In effect, United States' entire motion rests on the erroneous belief that Section 1406(a) mandates dismissal or transfer. While United States is correct that Plaintiff should have filed this action in the unofficial Northern Division pursuant to Local Rule IA 8–1(a), the mere conclusory assertion that Plaintiff filed in the wrong unofficial division—without any actual analysis of the Section 1404(a) factors—is insufficient to meet the burden for transfer. *See Decker Coal Co.*, 805 F.2d at 843. The Court therefore denies United States' Motion to Dismiss or Alternatively Change Venue.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that CMI's Motion to Dismiss, (ECF No. 28), is **GRANTED**.

**IT IS FURTHER ORDERED** that United States' Motions to Dismiss or Alternatively Change Venue, (ECF Nos. 23, 24), are **DENIED**.

**DATED** this __20__ day of February, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge